SAMUEL A. WILLOUGHBY, plff. in error vs. ELENTHEROS D. COMSTOCK, deft. in error.

Conditions and principles of relief on motion to stay proceedings on execution &c. until cause is decided in the court of errors.

*Motion by plaintiff in error for an order staying all proceedings on the execution issued on the judgment recovered in this court, by the defendant in error against the plaintiff in error.*—It appears that on the 16th day of Sept., 1844, a writ of error from the court for the correction of errors, was issued upon the judgment, returnable on that day, allowed, and order granted to make it a stay of execution, by A. G. Hammond a commissioner, and on the same day notice of the same was duly served on the attorney for the defendant in error. The writ was duly returned. Subsequently the defendant in error being dissatisfied with the bond filed on issuing the said writ, moved this court for a rule vacating said order to stay. On the 10th of January, 1845, this court granted an order allowing the defendant in error to proceed with his execution, unless the plaintiff in error should within twenty days execute a new bond in the penalty of at least double the sum of $16,505·74 and the sureties should justify. On the 20th of January, 1845, the above order, by an order

12

granted of the latter date, was extended for ten days beyond the time allowed by the first order; pursuant to these orders the plaintiff in error on the 8th day of February, 1845, filed a new bond with the justification of the sureties therein; the bond was in a penalty of $33,012 bearing date the 29th of January, 1845, executed by the plaintiff in error with four sureties, annexed to which were the affidavits of the sureties; one of whom made an affidavit before a commissioner of deeds in Troy, 29th January, 1845, in which he swore he was a householder and worth $13,000 over and above all debts &c.; another made an affidavit before the first judge of Rensselaer on the 1st day of February, in which he swore he was a householder and worth $10,000 over all debts &c.; another made an affidavit before said commissioner on the 6th February, in which he swore he was a householder and worth $100,000 over and above all debts &c.; the other made an affidavit before the commissioner who allowed the writ &c. on the 8th day of February, in which he swore he was a householder and worth $10,000 over and above all debts &c.; the bond was in the usual form, in which the judgments were recited at $16,505·74 but which in fact appears was for a sum over one hundred thousand dollars.   On the 8th day of February the attorney for the plaintiff in error served a notice on the attorney for the defendant in error (*entitled* in this court) of the making and filing said bond pursuant to the order of the 10th of January, giving the names and additions &c. of the sureties, and that they had justified, &c., and before whom the justification was had. On the 11th day of February the attorney for defendant in error, served on the attorney for the plaintiff in error a notice of exception to the sufficiency or the sureties.

S. STEVENS, *Plff's Counsel.*          F. ANTHON, *Plff's Atty.*

M. T. REYNOLDS, *Defts Counsel.*      R. E. MOUNT, Jr., *Defts Atty.*

JEWETT, Justice. — If the order of the 10th of January contemplated that the sureties in the bond should justify without any notice of exception by the attorney for the defendant in error, before it should be deemed a compliance with the order, it is clear that the plaintiff in error did not comply with that order.   In order to justify pursuant to the revised statutes as amended by the act of 1844, (2 *R. S.*, 597, 598; *Sess. Laws*, 1844, 466,) the sureties should have justified before the officer who allowed the writ of error, under oath or by affirmation, that each of them was a householder or freeholder worth double the amount of the penalty of the bond over and above all demands, on notice of six days given by the attorney for the plaintiff in error to the attorney for the defendant in error; but perhaps the true reading of the rule is that the sureties

should justify in case of exception; and so it seems the attorney for the defendant in error understood the rule, as he gave notice of exception on the 11th February, three days after he had received notice of bail being filed, &c. On the 15th day of February, the attorney for the plaintiff in error, deeming his notice which had previously been served, irregular, inasmuch as it was entitled in this court, served a new notice with copy of the bond filed with the affidavits of justification by said sureties; and on the 19th day of February, fearing that the bond filed was defective, the plaintiff in error, with three of the sureties, executed a new bond unexceptionable in form, on the 1st day of March, and filed it in the clerk's office, together with affidavits made by said sureties justifying, one in the sum of $10,012, one in $13,000, and the other in $10,000, and served a notice on the attorney for defendant in error of the names, additions, &c., of the sureties, that they had justified and that the same was filed with the affidavits, &c. The plaintiff in error has failed to comply with the requirements of the orders of the 10th and 20th of January, his sureties should have justified after notice as provided by the Revised Statutes as amended by the act of 1844. It is insisted that the justification by the three sureties in the new bond executed on the 19th February, is sufficient and regular, pursuant to the Revised Statutes as amended by the act of the 12th of February, 1845; but on recurring to the dates of the several steps taken by the parties, it may be seen that the plaintiff in error has failed to complete his bail under the statute as last amended; the attorney for the plaintiff in error received notice of exception on the 11th February; the act of the 12th February, 1845, requires the party within *ten* days after notice of exception to procure his sureties to justify by affidavit, or within said ten days to execute a new bond with new sureties, who shall justify, &c., and serve a copy of such affidavits of justification on the attorney of the defendant in error within the *ten* days. The new bond was executed within the ten days, but the sureties did not make their affidavits of justification until the 21st and 24th days of February, and the bond was not filed till the first day of March; copies of the affidavits, as required by the act of 1845, have not been served at all: but I am inclined to relieve the plaintiff in error once more in this matter. The plaintiff in error must pay to the defendant in error $10 costs for opposing this motion, and the defendant in error must be allowed to proceed with his execution unless the plaintiff in error shall within thirty days execute a new error bond in the penalty at least double the sum of $16,505·74 with two or more sureties, who shall justify pursuant to the requirement of the statute

relating to writs of error and appeals. And in case the executing such bond and filing the same as aforesaid, the execution to stay until the decision of the cause in the court for the correction of errors and until the further order of this court.

Rule accordingly.